**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Jamarcus Murray, | ) | Civil Action No. 6:19-0100-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| South Carolina Department of Corrections; | ) | |
| Warden Leroy Cartledge, *individually and* | ) | |
| *in his official capacity as warden of* | ) | |
| *McCormick Correctional Institution*; | ) | |
| Warden Michael Stephan, *individually and* | ) | |
| *in his official capacity as warden of* | ) | |
| *McCormick Correctional Institution*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") (Dkt. No. 48) recommending that Defendants' motion for summary judgment be granted in part and denied in part. For the reasons set forth below, the Court adopts the R & R as the order of the Court to grant in part and deny in part Defendants' motion for summary judgment. (Dkt. No. 37.)

I. <u>**Background**</u>

Plaintiff Jamarcus Murray was an inmate incarcerated at McCormick Correctional Institution when, on or about April 16, 2016, he was attacked by fellow inmates. The inmates approached him in an aisle from behind, covered his head with a jacket, dragged him into a room and assaulted him by beating and stabbing him in the face, head and chest. Murray alleges that two correctional officers were in the sally port with both prison wing doors left unlocked, in violation of prison policy. The correctional officers allegedly saw Murray immediately after the attack, but did not help him. He thereafter received medical assistance, including for the stabbing wound six inches from his heart, from the prison nurse and later at Self Memorial Hospital.

Murray further alleges that his injuries, such as shortness of breath and an injured jaw, were the direct result of the South Carolina Department of Correction's ("SCDC") gross negligence by failing to employ sufficient correctional officers or to enforce sufficient training policies and procedures, as well as the result of Defendant Warden Cartledge's and/or Warden Stephan's gross negligence by failing to ensure that correctional officers complied with the existing SCDC policies and procedures. (Dkt. No. 2-1 ¶¶ 121-141.).

Murray brings four causes of action: (1) a claim against all Defendants for temporary and permanent injunctive relief to curtail their deliberate indifference and negligence resulting in inmate-on-inmate assaults, pursuant to S.C. Code. Ann. § 15-43-30, S.C. R. Civ. P. 65(b), and U.S.C. § 1983; (2) a claim against Warden Cartledge "and/or" Warden Stephan pursuant to 42 U.S.C. § 1983 for violation of Murray's Eighth and Fourteenth amendment rights by, *inter alia*, negligently and wantonly allowing the inmate-on-inmate assaults; (3) a claim against Warden Cartledge "and/or" Warden Stephan pursuant to 42 U.S.C. § 1983 for supervisory liability and failure to train officers; and (4) a claim against SCDC for violation of the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. § 15-78-10, *et seq.*, as liable for its employees' gross negligence within the scope of their official duties. (*Id.* ¶¶ 142-57.). The claims against Warden Cartledge and Warden Stephan are brought against each in his individual and official capacities. Cartledge, Stephan and SCDC here jointly move to dismiss all claims on summary judgment.

## II.  <u>Legal Standard</u>

### A.  **Review of R & R**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1)(C).  Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.  In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.      Motion for Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The district court will construe all inferences and ambiguities in favor of the non-movant. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

**III.     Discussion**

The Court conducted a *de novo* review of the record on summary judgment, in light of SCDC's and Warden Stephan's objections to the R & R (Dkt. No. 54), and finds that the Magistrate Judge ably addressed the issues in a comprehensive forty-two-page R & R, correctly determining that Defendants' motion should be granted in part and denied in part.

**A.    Count One for Injunctive Relief as to All Defendants**

**i.    Pursuant to 42 U.S.C. § 1983**

First, as to Warden Cartledge and Warden Stephan, federal courts may enjoin state officials in their official capacities. *Ex parte Young*, 209 U.S. 123, 155-56 (1908). But Warden Cartledge and Warden Stephan cannot be sued in their official capacities for the prospective injunctive relief sought here because they are no longer employed at McCormick Correctional Institution. (Dkt. Nos. 37-1 at 2, 37-2.) *See Wilson v. United States*, 332 F.R.D. 505, 528 (S.D. W.Va. 2019). Nor could they be liable for the prospective injunctive relief sought in their individual capacities because "a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the officials' job, *i.e.*, his official capacity." *Community Mental Health Servs. of Belmont v. Mental Health & Recovery Bd.*, 150 F. Appx. 389, 401 (6th Cir. 2005). The Court therefore adopts the Magistrate Judge's recommendation to dismiss Murray's claim for injunctive relief under § 1983 against Cartledge and Stephan, in each's official and individual capacities.

Next, as to SCDC, the Eleventh Amendment prohibits federal courts from entertaining an action against a state. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). This is because Eleventh Amendment immunity "extends to arm[s] of the State, including state agencies." *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). "As a state agency, SCDC is an arm of the State of South Carolina." *Abebe v. S.C. Dep't Corr.*, No. 0:09-cv-3111-MBS-PJ, 2010 WL 2991595, at *2 (D.S.C. July 2, 2010). The Court therefore adopts the Magistrate Judge's recommendation to dismiss the claim for injunctive relief under § 1983 against SCDC.

**ii.    Pursuant to S.C. Code Ann. § 15-43-30**

Defendants argue that this claim for injunctive relief under state law is moot because Murray is no longer incarcerated at any SCDC prison facility. (Dkt. No. 37-4 at 3.) "[A] case is

moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the out-come." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  "The Fourth Circuit has consistently held that where a prisoner is no longer subject to the alleged unconstitutional condition, the claim is moot." *Wright v. Bennett*, No. 5:08-cv-3129-BO, 2010 WL 3075519, at *3 (E.D.N.C. Aug. 4, 2010).  So too, here, Murray's "claim for injunctive relief was rendered moot by his release" from prison "[d]uring the pendency of his case." *Monehyan v. Keller*, 563 Fed. Appx. 256, 258 (4th Cir. 2014).  The Court therefore adopts the Magistrate Judge's recommendation to grant Defendants' motion to dismiss this claim as to Cartledge, Stephan and SCDC.

**B.    Count Two for Violation of Eighth and Fourteenth Amendment Rights, Pursuant to § 1983, by Warden Cartledge and Warden Stephan**

Cartledge and Stephan are each sued in their official and individual capacities.  First, as to official capacity liability, the Court adopts the Magistrate Judge's recommendation to dismiss this claim as to both Cartledge and Stephan because immunity from suit under the Eleventh Amendment "extends to . . . state officers acting in their official capacity." *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996).

"State officials may only be sued in their individual capacities." *Rhoden v. S.C. Dep't Corr.*, No. 4:17-cv-2537-HMH-TER, 2017 WL 9288217, at *3 (D.S.C. Oct. 4, 2017).  But, as to individual capacity liability, the "personal participation of a defendant is a necessary element of a Section 1983 claim against government officials in their individual capacities." *Blessing v. Scaturo*, No. 6:16-cv-1832-BHH-KFM, 2017 WL 3575732, at *9 (D.S.C. July 28, 2017).  Regarding Cartledge, a reasonable jurist could find from the record, when construed in a light most favorable to the non-movant, that he had the requisite actual knowledge of and disregarded a substantial risk of harm to Murray.  The Roth Report, in particular, repeatedly emphasizes that

"overall assaults occur at a higher than acceptable level at MCI." (Dkt. No. 39-8 at 139-44.). *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (considering whether defendant "knew of a substantial risk from the very fact that the risk was obvious"). Relatedly, the record reflects a genuine issue of material fact as to whether Cartledge acted with deliberate indifference by failing to respond "reasonably to the risk" of harm to Murray as an inmate. *Id.* at 844. The Court therefore adopts the Magistrate Judge's recommendation and denies Defendants' motion to dismiss Count Two as to Cartledge in his individual capacity.

Regarding Stephan, he argues that he could not have personally participated because he did not become warden until over one year after the alleged attack. Murray concedes this point. Therefore, the Court adopts the Magistrate Judge's recommendation to dismiss Count Two as to Stephan in his individual capacity.

## C. Count Three for Supervisory Liability and Failure to Train, Pursuant to § 1983, by Warden Cartledge and Warden Stephan

As discussed above, Cartledge and Stephan are afforded immunity from suit in their official capacities under the Eleventh Amendment. The Court, therefore, adopts Magistrate Judge's recommendation to dismiss Count Three as to Cartledge and Stephan in each's official capacity.

As to Cartledge's liability in his individual capacity, the record, when construed in a light most favorable to Murray, reflects remaining disputes of material fact relevant to his supervisory liability, such as whether he was aware of McCormick's substantial staff shortage and took steps to ameliorate that inadequacy by, for instance, properly training correctional officers or disciplining them for violating the existing the policies. (Dkt. No. 41-7 at 139-44.) *See Carter v. Morris*, 164 F.3d 641, 646 (4th Cir. 1999). Count Two is therefore not dismissed as to Cartledge in his individual capacity. As to Stephan's individual liability, again, there is no relevant dispute

of material fact because Murray concedes he was not warden until after the alleged attack. Count Three is therefore dismissed as to Stephan in his individual capacity.

### D.    Count Four for Violation of the SCTCA by SCDC

South Carolina has generally consented to suit for tort claims filed against it through enactment of the SCTCA. *Briggs v. South Carolina Dep't Corrs.*, No. 1:13-cv-1348, 2014 WL 1278173, at *21 (D.S.C. Mar. 27, 2014); S.C. Code Ann. § 15-78-60(25). To defeat this premise, Defendants argue that the record does not reflect any deliberate indifference by SCDC on the date of Murray's assault. As with Murray's Eighth Amendment claims against Cartledge, there remain disputes of material fact as to whether what the Roth Report labeled the "continuous decline in staffing levels" that were "a critical concern at McCormick for an extended period" (Dkt. No. 41-7 at 139), constituted the basis for any gross negligence by SCDC. *See A.P. ex. Rel. Bazerman v. Feaver*, No. 04-15645, 2008 WL 3870697, at *12 (11th Cir. Aug. 21, 2008) ("[D]eliberate indifference requires a much higher standard of fault than mere or even gross negligence[.]"). For these reasons, the Court adopts the Magistrate Judge's recommendation to deny summary judgment as to Count Four.

### IV.    <u>Conclusion</u>

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 48) as the order of the Court. Defendants' motion for summary judgment (Dkt. No. 37) is **GRANTED IN PART and DENIED IN PART**.

Count One, seeking injunctive relief under § 1983 against Defendant Cartledge and Defendant Stephan in each's official and individual capacities, as well as to Defendant SCDC, is **dismissed**. Count One, seeking injunctive relief under S.C. Code Ann. § 15-43-30 as to Defendant Cartledge, Defendant Stephan and Defendant SCDC, is **dismissed**.

Count Two, alleging violation of 42 U.S.C. § 1983 by Defendant Cartledge and Defendant Stephan in their official capacities, is **dismissed**.  Count Two, alleging violation of 42 U.S.C. § 1983 by Defendant Cartledge in his individual capacity, is **not dismissed**.  Count Two, alleging violation of 42 U.S.C. § 1983 by Defendant Stephan in his individual capacity, is **dismissed**.

Count Three, alleging violation of 42 U.S.C. § 1983 by supervisory liability as to Defendant Cartledge and Defendant Stephan in their official capacities, is **dismissed**.  Count Three, alleging violation of 42 U.S.C. § 1983 by supervisory liability as to Defendant Cartledge in his individual capacity, is **not dismissed**.  Count Three, alleging violation of 42 U.S.C. § 1983 by supervisory liability as to Defendant Stephan in his individual capacity, is **dismissed**.

Count Four, alleging violation of the SCTCA by Defendant SCDC, is **not dismissed**.

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

July 1, 2020
Charleston, South Carolina